IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRIENDS OF THE HEADWATERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES ARMY CORPS OF ENGINEERS, | ) ) | Case No. 1:21-cv-00189-CKK |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ENBRIDGE ENERGY, LIMITED PARTNERSHIP, | ) ) | |
| | ) | |
| Movant Defendant-Intervenor. | ) | |

**ENBRIDGE ENERGY, LIMITED PARTNERSHIP'S
UNOPPOSED MOTION TO INTERVENE AS A DEFENDANT**

Pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure and LCvR 7, Enbridge Energy, Limited Partnership (Enbridge) moves for leave to intervene as of right or, alternatively, permissively, as a Defendant in this action. Plaintiffs challenge a permit from the U.S. Army Corps of Engineers ("Corps") that authorizes Enbridge to discharge dredged and fill material into waters of the United States under Section 404 of the Clean Water Act and to cross waters protected by Section 10 of the Rivers and Harbors Act in connection with replacement of the Line 3 pipeline in Minnesota.

In support of this Motion, Enbridge states the following:

1. Enbridge satisfies the requirements to intervene as of right under Fed. R. Civ. P. 24(a) because this motion is timely, Enbridge has a direct interest in the permit that Plaintiffs seek to

set aside, which may be impaired or impeded by the disposition of the case, and no existing party will adequately represent that interest.

2. Enbridge also satisfies the requirements for permissive intervention under Fed. R. Civ. P. 24(b)(1) because this motion is timely, its defense of the Corps permit shares questions of law and fact with the main action, and intervention will not unduly delay or prejudice the parties.

3. The Court should grant this motion for the same reasons it granted Enbridge's motion to intervene in a related case. *See* Memorandum Opinion, *Red Lake Band of Chippewa Indians v. U.S. Army Corps of Eng'rs*, No. 1:20-cv-03817-CKK (Jan. 9, 2021) (Dkt. 24) ("Enbridge Intervention Order").

4. Pursuant to LCvR 7(m), counsel for Enbridge contacted the counsel of record to determine the position of the parties. Plaintiffs do not oppose this motion, subject to the conditions adopted by the Court in the Enbridge Intervention Order at 8-9. The Federal Defendants do not oppose the motion.

5. The basis for this Motion is further set forth in the accompanying Memorandum of Points and Authorities and supporting Declaration.

Date: February 1, 2021                              Respectfully submitted,

/s/ George P. Sibley, III

George P. Sibley, III (DC Bar No. 1011939)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
(804) 788-8262
gsibley@huntonAK.com

Deidre Duncan (DC Bar No. 461548)
Karma B. Brown (DC Bar No. 479774)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037-1701
(202) 955-1500
dduncan@huntonAK.com
kbbrown@huntonAK.com

*Counsel for Movant Defendant-Intervenor
Enbridge Energy, Limited Partnership*