UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RED LAKE BAND OF CHIPPEWA INDIANS, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>   Defendant,<br><br>ENBRIDGE ENERGY, LIMITED PARTNERSHIP,<br><br>   Defendant-Intervenor. | Civil Action No. 20-3817 (CKK) |
| FRIENDS OF THE HEADWATERS,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, *et al.*,<br><br>   Defendants,<br><br>ENBRIDGE ENERGY, LIMITED PARTNERSHIP,<br><br>   Defendant-Intervenor. | Civil Action No. 21-0189 (CKK) |

**ORDER CONSOLIDATING CASES AND SETTING SCHEDULE, PAGE LIMITS, AND PROCEDURES**
(March 22, 2021)

Presently before the Court are the following:

- U.S. Army Corps of Engineers' Motion to Consolidate Cases in *Red Lake Band of Chippewa Indians et al. v. U.S. Army Corps of Engineers*, Case No. 20-cv-03817 (CKK), ECF No. 41 and U.S. Army Corps of Engineers' Motion to Consolidate Cases in *Friends of the Headwaters v. U.S. Army Corps of Engineers et al*, Case No. 21-cv-0189 (CKK), ECF No. 16 ("Federal Defendant's Motions to Consolidate");

1

- Plaintiffs' Partial Opposition to Defendant's Motion to Consolidate in *Red Lake Band of Chippewa Indians et al. v. U.S. Army Corps of Engineers*, Case No. 20-cv-03817 (CKK), ECF No. 46 ("*Red Lake Band* Opposition");

- Plaintiff's Opposition to Defendant's Motion to Consolidate in *Friends of the Headwaters v. U.S. Army Corps of Engineers et al.*, Case No. 21-cv-0189 (CKK), ECF No. 17 ("*Friends of Headwaters* Opposition");

- Joint Status Report in *Red Lake Band of Chippewa Indians et al. v. U.S. Army Corps of Engineers*, Case No. 20-cv-03817 (CKK), ECF No. 45 ("Joint Status Report").

As set forth below, the Court shall order that *Red Lake Band of Chippewa Indians et al. v. U.S. Army Corps of Engineers*, Case No. 1:20-cv-03817 (CKK) and *Friends of the Headwaters v. U.S. Army Corps of Engineers et al.*, Case No. 1:21 cv-0189 (CKK) be consolidated for all purposes. *See infra* Section I. The Court shall also order the parties to comply with the schedule and page limitations set forth in Section II, as well as the procedures set forth in Section III. The parties are urged to carefully review this Order.

## I.     CONSOLIDATION

Defendant U.S. Army Corps of Engineers ("Federal Defendant") has filed in Case No. 20-cv-03817 and Case No. 21 cv-0189 motions to consolidate pursuant Rule 42(a) of the Federal Rules of Civil Procedure, seeking to consolidate these two cases. *See* 20-cv-03817, ECF No. 41; 21 cv-0189, ECF No. 16. Intervenor-Defendant Enbridge Energy LP consents to Federal Defendant's Motions to Consolidate.

Plaintiffs in each action consent to consolidation of these two actions, but object to Federal Defendant's proposal that Plaintiffs be required to file joint briefs and object to the proposed schedule offered by Federal Defendant. Plaintiffs indicate that should the Court allow separate briefs, Plaintiffs shall coordinate to minimize duplication in their arguments and shall share the total number of pages allotted under this Court's Order and local rules for motions, oppositions, and replies, to avoid burdening the Court with excessive briefing.

Taking into consideration the parties' consent to consolidation, the Court finds that the cases involve common issues of fact and law, that they pertain to the same underlying actions, and that the interests of judicial economy, efficiency and conservation of costs will be served by consolidation. Therefore, in accordance with Federal Rule of Civil Procedure 42(a), it is, this

**ORDERED** that Federal Defendants' motions are **GRANTED** and that Case No. 20-cv-03817 and Case No. 21-cv-0189 are consolidated for all purposes. The parties are directed that all filings in these consolidated cases shall be made ***only*** in **Case No. 20-cv-03817**. The parties shall make no additional filings in Case No. 21 cv-0189, and the Clerk is directed to close Case No. 21-cv-0189 and transfer whatever parties are not identical to Case No. 20-cv-3817; it is further

**ORDERED** that the plaintiffs shall **not** be required to file joint briefs, but, as they have indicated, shall coordinate to minimize duplication of arguments and shall share the total number of pages allotted *infra* Section II for motions, oppositions, and replies, to avoid burdening the Court with excessive briefing; and it is further

**ORDERED** that, in light of this Order, Federal Defendant's deadlines to file replies in support of its Motion to Consolidate (*See* March 5, 2021 Minute Orders) are **VACATED**.

## II.     SCHEDULE & PAGE LIMITS

The Court has reviewed the parties' [45] Joint Status Report, as well as the parties' arguments related to the proposed schedule and briefing page limits in the Federal Defendant's Motions to Consolidate, *Red Lake Band* Opposition, and *Friends of Headwaters* Opposition. The below schedule may be adjusted depending on the Court's need to resolve any motions challenging the administration record. The Court assumes—as Plaintiffs appear to have assumed—that there will not be such litigation or that it will not affect the summary judgment briefing.

In order to have a compact schedule, the Court shall require Federal Defendant and Intervenor Defendant to file their briefs on the same dates. However, the Court expects that the Defendants will confer prior to the filing of their motions, oppositions, and replies to eliminate duplicative arguments. To the extent Intervenor Defendant relies on arguments made by Federal Defendant, Intervenor Defendant may incorporate Federal Defendant's arguments by reference, and add any arguments not made by Federal Defendant, as appropriate. It is **ORDERED** that the parties shall adhere to the following schedule and page limits:

| Event | Deadline | Page limit |
|---|---|---|
| Federal Defendant shall certify the Administrative Record, transmit the Administrative Record to Plaintiffs and Intervenor-Defendant, and shall file a certified list of the contents of the Administrative Record with the Court. | May 5, 2021 | N/A |
| Plaintiffs and Intervenor-Defendant shall (1) identify and communicate to Federal Defendant any issues regarding completeness of the record and/or requests for the admission of extra record evidence; and (2) provide Federal Defendant with copies of any materials they seek to include in the administrative record or admit as extra record evidence. | May 12, 2021 | N/A |
| Federal Defendant shall respond to any issues raised by Plaintiffs or Intervenor-Defendant regarding the contents of the administrative record and the admission of extra record evidence. The Parties thereafter will attempt in good faith to resolve any issues that are raised. | May 19, 2021 | N/A |

| Event | Deadline | Page limit |
|---|---|---|
| Plaintiffs shall file their separate opening motions for summary judgment. Plaintiffs shall share the total number of pages allotted and may divide pages at their discretion. | May 26, 2021 | 45 pages total |
| *If applicable, Plaintiffs or Intervenor Defendant shall file any motion challenging the contents of the administrative record and/or seeking to admit extra record evidence.* | *May 26, 2021* | *15 pages* |
| Federal Defendant shall file its combined cross-motion for summary judgment and opposition to Plaintiffs' motion(s) for summary judgment | June 23, 2021 | 60 pages |
| Intervenor-Defendant shall file its combined cross-motion for summary judgment and opposition to Plaintiffs' motions for summary judgment. | June 23, 2021 | 30 pages |
| *If applicable, Federal Defendant shall file any response to a motion by Plaintiffs or Intervenor Defendant challenging the contents of the administrative record and/or seeking to admit extra record evidence.* | *June 23, 2021* | *15 pages* |
| Plaintiffs shall jointly file their combined response to Federal Defendant's and Intervenor-Defendant's cross-motions for summary judgment and reply in support of Plaintiffs' motion for summary judgment. Plaintiffs shall share the total number of pages allotted and may divide pages at their discretion. | July 12, 2021 | 70 pages total |
| *If applicable, Plaintiffs or Intervenor Defendant shall file any reply in support of motion challenging the contents of the administrative record and/or seeking to admit extra record evidence.* | *July 12, 2021* | *10 pages* |
| Federal Defendant shall file its reply in support of its cross-motion for summary judgment. | July 30, 2021 | 30 pages |
| Intervenor-Defendant shall file its reply in support of cross-motion for summary judgment. | July 30, 2021 | 10 pages |
| Plaintiffs shall file an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any in any memorandum in support of or in opposition to any dispositive motion with the Court. | August 13, 2021 | N/A |

### III.   PROCEDURES

In order to administer this civil action in a manner fair to the litigants and consistent with the parties' interest in completing this litigation in the shortest possible time and at the least possible cost, it is, hereby **ORDERED** that the parties are directed to comply with each of the directives set forth below. The Court will hold the parties responsible for following these directives; failure to conform to this Order's directives **may, when appropriate, result in the imposition of sanctions**. *See, e.g.*, Fed. R. Civ. P. 16(f).

1. **COMMUNICATIONS WITH THE COURT.** The parties should endeavor to keep communications with Chambers to a minimum. *Ex parte* communications on matters other than scheduling are **strictly prohibited**; if the parties need to contact Chambers, it must be done **jointly** pursuant to a conference call arranged by the parties.

2. **MOTIONS FOR EXTENSIONS OF TIME.** The Court will not entertain or honor stipulations for extensions of time; parties must file a motion in accordance with the following instructions:

    (a) Motions for extensions of time **must be filed at least four (4) business days prior to the first affected deadline**.

    (b) Motions for extensions of time are strongly discouraged; they will be granted only in truly exceptional or compelling circumstances and parties should not expect the Court to grant extensions.

    (c) All motions for extensions of time **must include the following or they will not be considered**:

        (i)    The specific grounds for the extension;

        (ii)   The number of previous extensions, if any, granted to each party;

        (iii)  A statement of the impact that the requested extension would have on all other previously set deadlines;

        (iv)   A proposed schedule for any other affected deadlines, to be proposed only after consulting with opposing counsel; and

        (v)    A statement of opposing counsel's position vis-à-vis the motion in accordance with Local Civil Rule 7(m).

3. **MOTIONS GENERALLY.** Parties must comply with the following instructions when briefing any motion:

    (a) Memoranda of points and authorities filed in support of or in opposition to any motion shall not exceed the pages limits set forth *supra* Section II, with margins set at one inch and with all text double-spaced (excepting footnotes) and in twelve-point Times New Roman (including footnotes).

    (b) A party may not file a sur-reply without first requesting leave of the Court.

    (c) Where a party fails to file a memorandum of points and authorities in opposition to a given motion, the Court **may treat the motion as conceded**, except with respect to motions for summary judgment. *See* Local Civil Rule 7(b); *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505-08 (D.C. Cir. 2016) (citing, e.g., Fed. R. Civ. P. 56(e)(3)). Similarly, where a party fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded. *Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009).

    (d) **Exhibits shall be properly edited** to exclude irrelevant material and to direct the Court's attention to the pertinent portions thereof.

    (e) Each submission shall be accompanied by a table of cases and other authorities cited therein.

    (f) Every pleading or paper, regardless of whether it is submitted by an attorney or a *pro se* party, shall contain the name, address, telephone number, and, for an attorney, bar identification number. *See* Local Civil Rule 5.1(c).

4. **MOTIONS FOR SUMMARY JUDGMENT.** Parties must comply with the following instructions when briefing motions for summary judgment and the Court may strike papers not in conformity therewith:

    (a) In accordance with Local Civil Rule 7(h)(2), each motion for summary judgment, and opposition thereto, shall include a statement of facts with references to the administrative record. The parties must furnish **precise citations** to the portions of the administrative record on which they rely; the Court need not consider materials not specifically identified. Fed. R. Civ. P. 56(c)(1)(A), (c)(3).

    (b) Pursuant to Local Civil Rule 7(n), the parties shall provide the Court with a joint appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of, or in opposition to, a motion for summary judgment.

5. **MOTIONS FOR RECONSIDERATION.** Motions for reconsideration of prior rulings are strongly discouraged. Such motions shall be filed only when the requirements of Fed. R. Civ. P. 54(b), Fed. R. Civ. P. 59(e), and/or Fed. R. Civ. P. 60(b) are met. If such a motion is filed, it **shall not exceed ten (10) pages in length**. Moreover, the Court will not entertain: (a) motions which simply reassert arguments previously raised and rejected by the Court; or (b) arguments which should have been previously raised, but are being raised for the first time. *See Nat'l Trust v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1995). Motions not in compliance with these instructions may be stricken.

6. **COURTESY COPIES.** The parties shall deliver one (1) courtesy copy of any submission that is over twenty-five (25) pages in length or that includes more than one (1) exhibit to the Court Security Officer at the loading dock located at Third and C Streets (not the Clerk's Office or Chambers). Courtesy copies shall be appropriately bound and tabbed for ease of reference.

7. **HYPERLINKED SUBMISSIONS.** Within five (5) business days of the deadline for filing their submissions, the parties shall submit hyperlinked versions of their submissions. The hyperlinks shall link to the precise page of the exhibit or relevant legal authority cited. Should the parties have any questions about the Court's technological capabilities or preferences, they may contact the Chambers of Judge Kollar-Kotelly.

8. **SETTLEMENT.** The parties are expected to evaluate their respective cases for purposes of settlement. The Court encourages the use of alternative dispute resolution—*e.g.*, mediation or neutral case evaluation. The use of these methods is available at any time, as is a settlement conference before a magistrate judge. If counsel are interested in pursuing these options, they may contact Chambers at any time. If the case settles in whole or in part, counsel shall **promptly** advise the Court.

9. **APPEARANCES AT HEARINGS.** Principal trial counsel must appear at all hearings unless excused by the Court in advance.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge