# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RED LAKE BAND OF CHIPPEWA INDIANS, et al. | |
|    Plaintiffs, | |
| v. | Civil Action No. 1:20-cv-03817-CKK |
| UNITED STATES ARMY CORPS OF ENGINEERS, | |
|    Defendants | |
| and | |
| ENBRIDGE ENERGY, LIMITED PARTNERSHIP | |
|    Defendant-Intervenor. | |
| FRIENDS OF THE HEADWATERS, | |
|    Plaintiff, | |
| v. | Civil Action No. 1:21-cv-00189-CKK |
| UNITED STATES ARMY CORPS OF ENGINEERS, COL. KARL JANSEN, District Engineer, St. Paul District, | |
|    Defendants | |
| and | |
| ENBRIDGE ENERGY, LIMITED PARTNERSHIP | |
|    Defendant-Intervenor. | |

**DEFENDANT-INTERVENOR ENBRIDGE ENERGY, LIMITED
PARTNERSHIP'S ANSWER TO FIRST AMENDED
COMPLAINT OF FRIENDS OF THE HEADWATERS**

Defendant-Intervenor Enbridge Energy, Limited Partnership ("Enbridge"), by counsel, as and for its Answer and Defenses to Plaintiff Friends of the Headwaters First Amended Complaint filed on February 16, 2021, ECF No. 13, states as follows and, unless specifically answered otherwise, denies each and every allegation of the Amended Complaint:

## INTRODUCTION

1.      The allegations in Paragraph 1 characterize the Complaint, which requires no response. To the extent a response is required, the allegations are denied.

2.      The allegations in Paragraph 2 characterize the Complaint and the relief requested, which requires no response. To the extent a response is required, the allegations are denied.

3.      The allegations in Paragraph 3 characterize the Complaint, which requires no response. To the extent a response is required, the allegations are denied.

4.      As to the allegations in the first sentence of Paragraph 4, Enbridge admits only that the Corps prepared a document, dated November 23, 2020, which constitutes the Environmental Assessment, Section 404(b)(1) Guidelines Evaluation, Public Interest Review, and Statement of Findings for the Enbridge Line 3 Replacement Project ("Decision Document"). The allegations in the second sentence of Paragraph 4 characterize the Decision Document, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the referenced document, they are denied.

5.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

6.     As to the allegations in the first sentence of Paragraph 6, Enbridge admits only that the Corps prepared a document, which constitutes the Environmental Assessment, 408 Request to Install Line 3 Replacement Project Across the Lost River ("Section 408 EA") for the permission issued pursuant to section 14 of the Rivers and Harbors Act of 1899 (RHA), 33 U.S.C. § 408, to alter the Lost River, Minnesota Flood Control Project in a letter titled "SUBJECT: Section 408 Request Number: 2017-0008;" any remaining allegations in the first sentence are denied. The allegations in the second sentence of Paragraph 6 are admitted.

7.     The allegations in Paragraph 7 constitute legal conclusions, which require no response. To the extent a response is required, the allegations are denied.

8.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

9.     Enbridge admits the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 constitute legal conclusions, which require no response. To the extent a response is required, Enbridge admits only that the Corps issued permission pursuant to section 14 of the RHA (33 U.S.C. § 408) to alter the Lost River, Minnesota Flood Control Project. Any remaining allegations are denied.

11.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

12.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

13.     The allegations in Paragraph 13 are denied.

14.     The allegations in Paragraph 14 are denied.

15.     As to the allegations in Paragraph 15, Enbridge admits only that the Project is expected to cross 227 waterbodies; the remaining allegations are denied.

16.     As to the allegations in Paragraph 16, Enbridge admits only that the Corps did not prepare an Environmental Impact Statement; the remaining allegations are denied.

17.     The allegations in Paragraph 17 characterize the Decision Document, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the Decision Document, they are denied. Any remaining allegations are denied.

18.     The allegations in Paragraph 18 are denied.

19.     The allegations in Paragraph 19 are denied.

20.     As to the allegations in Paragraph 20, Enbridge admits that on July 26, 2010, it reported a release from its 6B pipeline and that details regarding that release and Enbridge's response can be found at https://www.epa.gov/enbridge-spill-michigan/enbridge-spill-documents-july-2010. Any remaining allegations are denied.

21.     As to the allegations in Paragraph 21, Enbridge admits that on July 26, 2010, it reported a release from its 6B pipeline and that details regarding that release and Enbridge's response can be found at https://www.epa.gov/enbridge-spill-michigan/enbridge-spill-documents-july-2010. Any remaining allegations are denied.

22.     As to the allegations in Paragraph 22, Enbridge admits only that it entered a 2017 Consent Decree with the Environmental Protection Agency and the United States Coast Guard in *United States v. Enbridge Energy, Limited Partnership et al.*, Case No. 1:16-cv-00915 (W.D. Mich.), which speaks for itself and is the best evidence of its contents. To the extent the

allegations are inconsistent with the Consent Decree, they are denied. Any remaining allegations are denied.

23.   The allegations in Paragraph 23 are denied.

24.   The allegations in Paragraph 24 are denied.

25.   The allegations in Paragraph 25 are denied.

26.   The allegations in Paragraph 26 characterize the Section 408 EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the Section 408 EA, they are denied. Any remaining allegations are denied.

27.   The allegations in Paragraph 27 are denied.

28.   The allegations in Paragraph 28 characterize the Section 408 EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the Section 408 EA, they are denied. Any remaining allegations are denied.

29.   The allegations in Paragraph 29 are denied.

30.   The allegations in Paragraph 30 are denied.

31.   As to the allegations in Paragraph 31, Enbridge admits that on July 26, 2010, it reported a release from its 6B pipeline and that details regarding that release and Enbridge's response can be found at https://www.epa.gov/enbridge-spill-michigan/enbridge-spill-documents-july-2010. Any remaining allegations are denied.

32.   The allegations in Paragraph 32 characterize the Decision Document, which speaks for itself and is the best evidence of its contents. To the extent the allegations are

inconsistent with the plain language and meaning of the referenced document, they are denied.

Any remaining allegations are denied.

33.     The allegations in Paragraph 33 are denied.

34.     The allegations in Paragraph 34 are denied.

35.     The allegations in Paragraph 35 are denied.

## JURISDICTION AND VENUE

36.     The allegations in Paragraph 36 constitute legal conclusions, which require no response. To the extent a response is required, the allegations are denied.

37.     The allegations in Paragraph 37 constitute legal conclusions, which require no response. To the extent a response is required, the allegations are denied.

38.     The allegations in Paragraph 38 constitute legal conclusions, which require no response. To the extent a response is required, the allegations are denied.

39.     The allegations in Paragraph 39 constitute legal conclusions, which require no response. To the extent a response is required, the allegations are denied.

## PARTIES

40.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

41.     The allegations in Paragraph 41 are denied.

42.     The allegations in Paragraph 42 are denied.

43.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

44.     The allegations in Paragraph 44 are denied.

45.     Enbridge is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations.

46.      The allegations in Paragraph 46 are denied.

47.      The allegations in Paragraph 46 are denied.

48.      Enbridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 48 and, on that basis, denies the allegations. The allegations in the second sentence of Paragraph 48 are denied.

49.      Enbridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies the allegations.

50.      The allegations in Paragraph 50 characterize documents attached to the Complaint, which requires no response. To the extent a response is required, the allegations are denied.

51.      The allegations in Paragraph 51 are denied.

52.      The allegations in Paragraph 52 are admitted.

53.      The allegations in Paragraph 53 are admitted.

54.      The allegations in Paragraph 54 constitute legal conclusions, which require no response. To the extent a response is required, the allegations are denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

55.      As to the allegations in Paragraph 55, Enbridge admits that on July 26, 2010, it reported a release from its 6B pipeline and that details regarding that release and Enbridge's response can be found at https://www.epa.gov/enbridge-spill-michigan/enbridge-spill-documents-july-2010. Any remaining allegations are denied.

56.      As to the allegations in Paragraph 56, Enbridge admits that on July 26, 2010, it reported a release from its 6B pipeline and that details regarding that release and Enbridge's response can be found at https://www.epa.gov/enbridge-spill-michigan/enbridge-spill-documents-july-2010. Any remaining allegations are denied.

57.     Enbridge admits only that it expects to construct a new pipeline to replace the existing Line 3 and that the proposed project crosses into Minnesota in Kittson County to the Clearbrook Terminal, and exits Minnesota in Carlton County to connect with the Superior Terminal; all remaining allegations are denied.

58.     Paragraph 58 contains a map, which speaks for itself and to which no response is required.

59.     The allegations in Paragraph 59 are denied.

60.     The allegations in Paragraph 60 are denied.

61.     As to the allegations in Paragraph 61, Enbridge admits only that full implementation of the Line 3 Pipeline Replacement Project is proposed to restore the line to its historic annual average throughput capacity of approximately 760,000 barrels per day. The remaining allegations are denied.

62.     The allegations in Paragraph 62 are denied.

63.     As to the first sentence of Paragraph 63, Enbridge admits only that the Project is expected to cross 227 waterbodies; the remaining allegations are denied. The allegations in the second sentence of Paragraph 63 are denied.

64.     The allegations in Paragraph 64 are denied.

65.     The allegations in Paragraph 65 are denied.

66.     The allegations in Paragraph 66 are denied.

67.     The allegations in Paragraph 67 are denied.

68.     The allegations in Paragraph 68 are denied.

69.     The allegations in Paragraph 69 are denied.

70.     The allegations in Paragraph 70 are denied.

71.     The allegations in Paragraph 71 are denied.

72.     The allegations in Paragraph 72 are denied.

73.     The allegations in Paragraph 73 are denied.

74.     The allegations in Paragraph 74 consist of vague and ambiguous characterizations, which require no response. To the extent that a response is required, Enbridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, for that reason, denies the allegations.

75.     The allegations in Paragraph 75 are denied.

76.     The allegations in Paragraph 76 are denied.

77.     The allegations in Paragraph 77 are denied.

78.     As to the allegations in Paragraph 78, Enbridge admits only that on September 21, 2018, it submitted to the Corps a revised permit application pursuant to Section 404 of the Clean Water Act (CWA), 33 U.S.C. § 1344, and section 10 of the RHA, 33 U.S.C. § 403, and a request for approval pursuant to Section 14 of the RHA, 33 U.S.C. § 408. To the extent that the allegations in Paragraph 78 are inconsistent with the plain language and meaning of the referenced document, they are denied. Any remaining allegations are denied.

79.     Enbridge admits that it submitted updated Project information in January 2020, which speaks for itself and is the best evidence of its content. Any allegation that is inconsistent with that material is denied. Any remaining allegations are denied.

80.     The allegations in Paragraph 80 are denied.

81.     The allegations in Paragraph 81 characterize Enbridge's application materials, which speak for themselves and are the best evidence of their contents. To the extent the

allegations are inconsistent with the plain language and meaning of the referenced documents, they are denied; the remaining allegations are denied.

82.     The allegations in Paragraph 82 characterize Enbridge's application materials, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the plain language and meaning of the referenced documents, they are denied; the remaining allegations are denied.

83.     The allegations in Paragraph 83 are admitted.

84.     The allegations in Paragraph 84 are denied.

85.     The allegations in Paragraph 85 are denied.

86.     The allegations in Paragraph 86 are denied.

87.     As to the allegations in Paragraph 87, Enbridge admits only that the Corps did not prepare an Environmental Impact Statement. Any remaining allegations are denied.

88.     As to the allegations in Paragraph 88, Enbridge admits only that the Corps granted the requested Section 404 permit and that it authorized portions of the pipeline to cross Section 10 waters or traditionally navigable waters pursuant to Section 10 of the RHA, 33 U.S.C. § 403, and granted permission pursuant to section 14 of the RHA, 33 U.S.C. § 408 to alter the Lost River Flood Control Project. Any remaining allegations are denied.

89.     As to the allegations in Paragraph 89, Enbridge admits only that the Corps prepared the Decision Document, dated November 23, 2020, which constitutes the Environmental Assessment, Section 404(b)(1) Guidelines Evaluation, Public Interest Review, and Statement of Findings for the Enbridge Line 3 Replacement Project. Any remaining allegations are denied.

90.     Enbridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 90 and, on that basis, denies the allegations.

91.     The allegations in Paragraph 91 characterize the Decision Document, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the referenced document, they are denied; the remaining allegations are denied.

92.     The allegations in Paragraph 92 are denied.

93.     The allegations in Paragraph 93 are denied.

94.     The allegations in Paragraph 94 are denied.

95.     The allegations in Paragraph 95 are denied.

96.     The allegations in Paragraph 96 are denied.

97.     The allegations in Paragraph 97 are denied.

98.     The allegations in Paragraph 98 characterize the Decision Document, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the referenced document, they are denied; the remaining allegations are denied.

99.     The allegations in Paragraph 99 characterize the Corps' Public Notice Comments and Response, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the referenced document, they are denied; the remaining allegations are denied.

100.    The allegations in Paragraph 100 characterize the Corps' Public Notice Comments and Response, which speaks for itself and is the best evidence of its contents. To the

extent the allegations are inconsistent with the plain language and meaning of the referenced document, they are denied; the remaining allegations are denied.

101.    The allegations in Paragraph 101 characterize the Section 408 EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the Section 408 EA, they are denied; the remaining allegations are denied.

102.    The allegations in Paragraph 102 characterize the Section 408 EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the Section 408 EA, they are denied; the remaining allegations are denied.

103.    The allegations in Paragraph 103 characterize the Corps' Public Notice Comments and Response, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the referenced document, they are denied; the remaining allegations are denied.

## FIRST CAUSE OF ACTION:
## NATIONAL ENVIRONMENTAL POLICY ACT ("NEPA")

104.    Enbridge incorporates by reference its answers to the preceding paragraphs.

105.    The allegations in Paragraph 105 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the statute, they are denied. Any remaining allegations are denied.

106.    The allegations in Paragraph 106 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

107.    The allegations in Paragraph 107 characterize a federal judicial opinion, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with

the plain language and meaning of the judicial opinions they are denied. Any remaining allegations are denied.

108.   The allegations in Paragraph 108 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

109.   The allegations in Paragraph 109 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the statute, they are denied. Any remaining allegations are denied.

110.   The allegations in Paragraph 110 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the regulation, they are denied. Any remaining allegations are denied. The allegations in the first sentence of footnote 1, which is referenced in Paragraph 110, are admitted. The allegations in the second sentence of footnote 1 characterize the Complaint, which requires no response. The allegations in the third and fourth sentences of footnote 1 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the fifth sentence of footnote 1 constitute legal conclusions and characterize an Executive Order that speaks for itself. Consequently no response is required. To the extent a response is required, the allegations are denied. Enbridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of footnote 1 and, for that reason, denies the allegations.

111.   The allegations in Paragraph 111 characterize federal regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the regulations, they are denied. Any remaining allegations are denied.

112.    The allegations in Paragraph 112 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the regulation, they are denied.

113.    The allegations in Paragraph 113 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the regulation, they are denied.

114.    The allegations in Paragraph 114 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the regulation, they are denied.

115.    The allegations in Paragraph 115 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the regulation, they are denied. Any remaining allegations are denied.

116.    The allegations in Paragraph 116 characterize a federal judicial opinion, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the judicial opinions they are denied. Any remaining allegations are denied.

117.    The allegations in Paragraph 117 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the regulation, they are denied. Any remaining allegations are denied.

118.    The allegations in Paragraph 118 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the regulation, they are denied. Any remaining allegations are denied.

119.    The allegations in Paragraph 119 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

120.    The allegations in Paragraph 120 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

121.    The allegations in Paragraph 121 are denied.

122.    The allegations in Paragraph 122 are denied.

123.    The allegations in Paragraph 123 are denied.

124.    The allegations in Paragraph 124 are denied.

125.    The allegations in Paragraph 125 characterize the Decision Document, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the Decision Document, they are denied. Any remaining allegations are denied.

126.    The allegations in Paragraph 126 characterize the Decision Document, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the Decision Document, they are denied. Any remaining allegations are denied.

127.    The allegations in Paragraph 127 are denied.

128.    The allegations in Paragraph 128 are denied.

129.    The allegations in Paragraph 129 characterize the Section 408 EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the Section 408 EA, they are denied. Any remaining allegations are denied.

130.     The allegations in Paragraph 130 characterize the Section 408 EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the Section 408 EA, they are denied. Any remaining allegations are denied.

131.     The allegations in Paragraph 131 characterize the Section 408 EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the Section 408 EA, they are denied. Any remaining allegations are denied.

132.     The allegations in Paragraph 132 are denied.

133.     The allegations in Paragraph 133 are denied.

134.     Enbridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and, for that reason, denies the allegations.

135.     The allegations in Paragraph 135 are denied.

136.     The allegations in Paragraph 136 are denied.

137.     The allegations in Paragraph 137 constitute legal conclusions, which require no response. To the extent a response is required, the allegations are denied.

138.     The allegations in Paragraph 138 consist of vague and ambiguous characterizations, which require no response. To the extent that a response is required, Enbridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, for that reason, denies the allegations.

139.     The allegations in Paragraph 139 are denied.

140.     The allegations in Paragraph 140 are denied.

141.    Enbridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and, for that reason, denies the allegations.

142.    Enbridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and, for that reason, denies the allegations.

143.    The allegations in Paragraph 143 are denied.

144.    The allegations in Paragraph 144 consist of vague and ambiguous characterizations, which require no response. To the extent that a response is required, Enbridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, for that reason, denies the allegations.

145.    The allegations in Paragraph 145 consist of vague and ambiguous characterizations, which require no response. To the extent that a response is required, Enbridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, for that reason, denies the allegations.

146.    Enbridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, for that reason, denies the allegations.

147.    Enbridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and, for that reason, denies the allegations.

148.    The allegations in Paragraph 148 are denied.

149.    As to the allegations in Paragraph 149, Enbridge admits only that the Corps did not prepare an Environmental Impact Statement; the remaining allegations are denied.

150.    The allegations in Paragraph 150 are denied.

151.    The allegations in Paragraph 151 are denied.

152.     The allegations in Paragraph 152 characterize the Decision Document, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the Decision Document, they are denied. Any remaining allegations are denied.

153.     The allegations in Paragraph 153 characterize the Decision Document, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the referenced document, they are denied. Any remaining allegations are denied.

154.     The allegations in Paragraph 154 are denied.

155.     The allegations in Paragraph 155 are denied.

156.     The allegations in Paragraph 156 are denied.

157.     The allegations in Paragraph 157 are denied.

## SECOND CAUSE OF ACTION:
## CLEAN WATER ACT

158.     Enbridge incorporates by reference the responses to Paragraphs 1 through 157.

159.     The allegations in Paragraph 159 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the statute, they are denied.

160.     The allegations in Paragraph 160 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the statute, they are denied.

161.     The allegations in Paragraph 161 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the regulation, they are denied.

162.     The allegations in Paragraph 162 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the regulation, they are denied.

163.     The allegations in Paragraph 163 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the regulation, they are denied.

164.     The allegations in Paragraph 164 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the regulation, they are denied.

165.     The allegations in Paragraph 165 constitute a legal conclusion, and characterize a federal regulation which speaks for itself, such that no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the regulation, they are denied.

166.     The allegations in Paragraph 166 characterize a federal judicial opinion, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the judicial opinions they are denied. Any remaining allegations are denied.

167.     The allegations in Paragraph 167 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the regulation, they are denied.

168.     The allegations in Paragraph 168 characterize the Decision Document, which speaks for itself and is the best evidence of its content. To the extent the allegations are

inconsistent with the plain language and meaning of the Decision Document, they are denied. Any remaining allegations are denied.

169.    The allegations in Paragraph 169 are denied.

170.    Enbridge admits that the Line 3 replacement will increase Line 3's capacity to 760,000 bpd and ultimately up to 915,000 bpd. Any remaining allegations are denied.

171.    The allegations in Paragraph 171 are denied.

172.    The allegations in Paragraph 172 are denied.

173.    The allegations in Paragraph 173 are denied.

174.    The allegations in Paragraph 174 characterize the Decision Document, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the plain language and meaning of the Decision Document, they are denied. Any remaining allegations are denied.

175.    The allegations in Paragraph 175 are denied.

176.    The allegations in Paragraph 176 are denied.

177.    The allegations in Paragraph 177 are denied.

178.    The allegations in Paragraph 178 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the regulation, they are denied.

179.    The allegations in Paragraph 179 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the plain language and meaning of the regulation, they are denied.

180.    The allegations in Paragraph 180 are denied.

181.    Enbridge admits that the Corps considered the benefits of the Line 3 replacement pipeline, but denies the remaining allegations in Paragraph 181.

182.    The allegations in Paragraph 182 are denied.

183.    The allegations in Paragraph 183 are denied.

184.    The allegations in Paragraph 184 are denied.

185.    The allegations in Paragraph 185 are denied.

186.    The allegations in Paragraph 186 are denied.

<u>**REQUESTED RELIEF**</u>

The remainder of the Complaint consists of Plaintiff's Requested Relief, to which no response is required.  To the extent that a response may be required, Enbridge denies that Plaintiffs are entitled to the relief requested, or to any relief.

**I.    GENERAL DENIAL**

Enbridge denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

**II.    DEFENSES**

1.    Plaintiffs' claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

2.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing.

3.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver to the extent Plaintiffs' claims rest on contentions that were not raised with the agencies during the administrative process.

4.    Plaintiffs' claims are barred, in whole or in part, by issue and/or claim preclusion.

5.      Any defenses pleaded by other defendants and not specifically pleaded by Enbridge are incorporated herein to the extent they do not conflict with the defenses expressly stated above.

6.      Enbridge hereby gives notice that it intends to rely on any other defense that may become available or appear during the proceedings of this case.

## III.     RESERVATION OF RIGHTS

Enbridge respectfully reserves the right to amend this Answer to assert any additional affirmative defenses that it deems necessary to its defense of the Complaint during or upon conclusion of its investigation and discovery of Plaintiffs' claims.

Dated: April 2, 2021                                    Respectfully submitted,

/s/ George P. Sibley, III

George P. Sibley, III (D.C. Bar No. 1011939)
Deidre G. Duncan (D.C. Bar No. 461548)
Karma B. Brown (D.C. Bar No. 479774)
Brian Levey (D.C. Bar No. 1035683)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC  20037-1701
(202) 955-1500
gsibley@huntonAK.com
dduncan@huntonAK.com
kbbrown@huntonAK.com
blevey@huntonAK.com

*Counsel for Defendant-Intervenor*
*Enbridge Energy, Limited Partnership*